IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND JACKSON,               :
                               :
    Petitioner                 :
                               :    CIVIL NO. 1:CV-07-1597
    vs.                        :
                               :    (Judge Caldwell)
T.R. SNIEZEK,                  :
                               :
    Respondent                 :

*M E M O R A N D U M*

I.   *Introduction*

Raymond Jackson, an inmate at the Loretto Federal Correctional Institution, Loretto, Pennsylvania, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In April 1999, Jackson pled guilty to conspiracy to commit one murder and to two charges of using a firearm in relation to two other murders. In the instant petition, Jackson challenges the two firearm convictions, contending they are invalid in light of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and that under *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), he may pursue this challenge in a 2241 petition.

-1-

For the reasons that follow, the petition will be dismissed for lack of jurisdiction because Jackson has failed to demonstrate that his remedy pursuant to a 28 U.S.C. § 2255 motion for challenging the convictions is inadequate or ineffective.

II.   *Background*

As recited in the trial court's memorandum disposing of Petitioner's 2255 motion, in December 1997, Jackson and eleven codefendants were named in an 86-count indictment in the United States District Court for the Southern District of New York, charged with:

> participating in an enterprise known as the Preacher Crew that engaged in numerous acts of racketeering, including murder, robbery, extortion and narcotics trafficking...
>
> The charges [lodged] against Jackson ... included ... conspiracy to commit murder, attempted murder and murder in aid of racketeering, and using and carrying firearms in relation to crimes of violence ...

*Jackson v. United States*, No. 01 CV 3967 (MBM), 2002 WL 1968328, at *1 (S.D.N.Y. Aug. 26, 2002).

On April 7, 1999, two days into his jury trial, pursuant to a written plea agreement, Jackson pled guilty to count twenty, conspiracy to murder George Ford in aid of the racketeering enterprise, and counts seventy-seven and eighty, which "charged him with using and carrying a weapon in relation to the murders of

-2-

Greg Hawkins and Sheila Berry, respectively, in violation of 18 U.S.C. 924(c)" (*Id.*) During the guilty-plea colloquy:

> As to the murder of George Ford, Jackson acknowledged that he had aided and abetted that murder by pointing out Ford to other members of the enterprise so they could kill him.  As to the weapons charges, Jackson responded that he had provided guns to be used to kill Greg Hawkins and Sheila Berry, knowing the purpose for which they were to be used, and had been present for that intended use.

(*Id.* at *1)(internal citations omitted).

The charges Jackson faced at trial could have resulted in life imprisonment.  On the charges to which he pled guilty, the maximum sentence was fifty-four years, but the plea agreement limited his total sentence to thirty-five years.  (*Id.*).  On June 29, 1999, Jackson was sentenced to thirty-five years' imprisonment.  (*Id.*).  He did not file a direct appeal, (doc. 1 at R. 4),[1] as the plea agreement precluded an appeal or a 2255 motion that would challenge the thirty-five-year sentence. *Jackson*, *supra*, 2002 WL 1968328, at *1.

On May 10, 2001, Jackson filed a 28 U.S.C. § 2255 motion challenging his convictions.  In part, he argued that the two section 924(c) firearms convictions were invalid because he had not pled guilty to the murders mentioned in those charges, nor had

---

[1]   "R." or "RR." references are to the CM/ECF pagination of the document cited.

a finding of guilt been made as to the murders. Rejecting the argument, the trial court reasoned:

> The statute he pleaded guilty to violating, 18 U.S.C. § 924(c), charges an independent crime- use of a firearm in connection with a crime of violence.  That statute does not require conviction on another charge before a defendant can be found to have violated it.  Jackson's conduct as he described it could also have resulted in conviction for either conspiracy to commit murder, or - on an aiding and abetting theory - murder.  That there was no such conviction means only that he was fortunate, not that he did not violate 18 U.S.C. § 924(c).

*Jackson*, *supra*, 2002 WL 1968328, at *2).

On August 16, 2002, the court denied his 2255 motion and a certificate of appealability.  Jackson filed an appeal with the United States Court of Appeals for the Second Circuit.  (Doc. 12-2, Ex. C at R. 21).  On January 13, 2003, the Second Circuit granted Jackson's request for a certificate of appealability but dismissed his appeal "in view of the district court's appropriate finding that [Jackson's] claim of an involuntary plea is unsubstantiated and contradicted by the record."  (*Id.* at R. 27). The United States Supreme Court denied Jackson's petition for writ of certiorari on October 16, 2003.

On February 7, 2006, Jackson filed a motion for permission to file a second or successive 2255 motion, seeking to invoke *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160

-4-

L.Ed.2d 621 (2005), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The Second Circuit denied the request on March 7, 2006. (*Id*. at Ex. D at RR. 31-32).

On August 30, 2007, Jackson filed the instant petition. As the sole ground for relief, he argues that the convictions under section 924(c) are invalid under *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), because the firearm offenses have no connection to the offense of conspiring to murder George Ford. In his view, the murder-conspiracy offense is the only offense that can be the predicate offense for the firearm offenses since the substantive charges against him for the murders of Greg Hawkins and Sheila Berry were dismissed as part of his plea agreement. Further, since this makes him factually innocent of the firearm offenses, under *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), there is no procedural obstacle to his pursuit of this challenge in a 2241 petition.

III.   *Discussion*

Ordinarily, when challenging the validity of a conviction and sentence, a federal prisoner is limited to filing a motion pursuant to section 2255. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). However, as section 2255 itself

provides, a challenge can be brought under § 2241 if it "appears that the remedy by [a section 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255 ¶ 5; *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539.  Rather, the "safety valve" provided under § 2255 is extremely narrow and has only been applied in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be noncriminal by a change in law. *Okereke*, *supra*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d at 251).  If a defendant improperly challenges his federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 Fed. Appx. 179, 180 (3d Cir. 2007) (per curiam) (nonprecedential).

     Applying these principles here, we conclude that we lack jurisdiction over Jackson's 2241 petition as his remedy under

section 2255 was not inadequate or ineffective to adjudicate his current claim, for Jackson could have presented this claim in his 2255 motion but he did not.  That the gatekeeping requirements of section 2255 now preclude him from using a 2255 motion does not entitle him to use section 2241.  Further, this is not a situation where Defendant had no prior opportunity to challenge the convictions under *Bailey* as *Bailey* was decided in 1995, four years before Jackson's guilty plea and seven years before he filed his 2255 motion.  *Compare Dorsainvil*, *supra*, 119 F.3d at 251 (allowing a defendant to present a *Bailey* claim in a 2241 petition when *Bailey* had not yet been decided when the defendant had filed his 2255 motion).  *See Black v. Warden*, 253 Fed. Appx. 209, 211 (3d Cir. 2007)(per curiam)(nonprecedential)(the defendant could not rely on section 2241 to present a *Bailey* claim even if his 2255 motion was dismissed as untimely).

Defendant's citation to *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), to support his reliance on section 2241 is misplaced.  In *Bousley*, the Supreme Court held that a defendant could overcome his procedural default in not raising his *Bailey* claim on direct appeal by a showing of actual innocence. However, that case dealt with postconviction proceedings under section 2255, not section 2241.  It is true that the defendant there filed a 2241 petition, but it was converted to

-7-

a 2255 motion because it represented his first attempt at postconviction relief.  *Id.* at 617, 118 S.Ct. at 1608; *see also United States v. Garth*, 188 F.3d 99, 106 n.8 (3d Cir. 1999)(noting that the Supreme Court treated Bousley's 2241 petition as a 2255 motion); *Black*, *supra*, 253 Fed. Appx. at 211 n.1 (*Bousley* does not support the defendant's attempt to rely on section 2241, and noting that "*Bousley* did not address whether a *Bailey* claim could be brought in a § 2241 petition.").

In any event, Jackson does not present a *Bailey* claim. In pertinent part, section 924(c)(1) makes it illegal to use a firearm during and in relation to a crime of violence.  *Bailey* held that "[t]o sustain a conviction under the 'use' prong of § 924(c)(1), the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime."  516 U.S. at 150, 116 S.Ct. at 509.  Jackson is not arguing that his conduct does not satisfy the use prong of the statute as interpreted by *Bailey*, but that whatever firearm use he did exhibit was not in relation to the predicate crime, as he perceives that crime to be.

We will issue an appropriate order.

                      /s/William W. Caldwell
                      William W. Caldwell
                      United States District Judge

Date: October 27, 2008

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

```
RAYMOND JACKSON,              :
                              :
     Petitioner               :
                              :   CIVIL NO. 1:CV-07-1597
     vs.                      :
                              :   (Judge Caldwell)
T.R. SNIEZEK,                 :
                              :
     Respondent               :
```

*O R D E R*

AND NOW, this 27th day of October, 2008, it is ordered that:

1. The petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is dismissed for lack of jurisdiction.

2. The Clerk of Court is directed to close this case.

/s/William W. Caldwell
William W. Caldwell
United States District Judge